**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 15 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LI LU,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 06-74990<br><br>Agency No. A097-361-215<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 7, 2010[**]
Pasadena, California

Before: TROTT and WARDLAW, Circuit Judges, and BREWSTER, Senior
District Judge.[***]

Li Lu, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing her appeal from an immigration

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Rudi M. Brewster, Senior United States District Judge
for the Southern District of California, sitting by designation.

judge's ("IJ") decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's adverse credibility finding and will uphold the determination "unless the evidence compels a contrary result." Don v. Gonzales, 476 F.3d 738, 741 (9th Cir. 2007). "We independently evaluate each ground cited by the IJ for his adverse credibility findings. So long as one of the identified grounds is supported by substantial evidence and goes to the heart of the claim of persecution, we are bound to accept the IJ's adverse credibility finding." Tekle v. Mukasey, 533 F.3d 1044, 1051-52 (9th Cir. 2008) (citations, alterations, and internal quotation marks omitted).

We deny the petition.

Substantial evidence supports the IJ's adverse credibility determination with respect to Lu's meeting with Xu Ping and her subsequent involvement with Xu Ping's Christian home church. Lu's testimony was marred by inconsistencies with her written application for asylum and by Lu's implausible statement that Xu Ping perceived (1) something wrong "inside her heart," and (2) that Lu was in a "foul mood," even though she told Xu Ping she was "fine." Because this episode was intended to explain her introduction to the church, Lu's answers and unsatisfactory

2

explanations go to the heart of her claim that she was a victim of persecution on account of her religion.

PETITION FOR REVIEW DENIED.